UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-03398-KK-DTBx** | Date: | February 24, 2026 |
|---|---|---|---|

Title:  *Heriberto Calderon Camarillo v. Matrix North American Construction, Inc., et al.*

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 15]**

I.
**INTRODUCTION**

On September 17, 2025, plaintiff Heriberto Calderon Camarillo ("Plaintiff") filed the operative Complaint against defendants Matrix North American Construction, Inc. ("Matrix NAC") and Shawna Tosha ("Tosha") (collectively, "Defendants") in Riverside County Superior Court, alleging violations of the Fair Employment and Housing Act ("FEHA"), violations of the California Family Rights Act ("CFRA"), wrongful termination in violation of public policy, and intentional infliction of emotional distress.  ECF Docket No. ("Dkt.") 1-1, Complaint ("Compl.").  On December 15, 2025, Defendants filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  Dkt. 1, NOR.  On January 13, 2026, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 15, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

///

///

///

## II.
## BACKGROUND

### A.    RELEVANT FACTS

The Complaint, Notice of Removal, and Motion allege the following relevant facts:

Plaintiff worked as a welder for defendant Matrix NAC from June 2009 until his termination on September 25, 2023.  Compl. ¶¶ 9, 16.  Defendant Matrix NAC employed both Plaintiff and defendant Tosha, who "controlled various tangible aspects of Plaintiff's employment."  Mot. at 7, 14.  Defendant Matrix NAC is a citizen of Oklahoma and Pennsylvania, NOR at 3, and Plaintiff and defendant Tosha are citizens of California, Mot. at 15.

On June 15, 2023, fourteen years after he began working for defendant Matrix NAC, Plaintiff fell off scaffolding at a worksite and sustained serious injuries, resulting in his hospitalization.  Compl. ¶¶ 11-12.  As a result of the incident, Plaintiff fractured six ribs and suffered a lung injury.  Id. at ¶ 12.  Plaintiff was "properly tied to the scaffold with his safety harness," but the scaffolding was defective and unsafe.  Id. ¶¶ 11, 13.

Plaintiff continued medical treatment after hospitalization.  Id. ¶ 14.  "His treating physician ultimately released him to return with restrictions, including a ten-pound lifting limitation."  Id.  After Plaintiff notified Defendants of work restrictions imposed by his physician and "his readiness to return to work," Defendants failed to reasonably accommodate Plaintiff and terminated his employment due to his disabilities and need for accommodations.  Id. ¶¶ 14-16.

Plaintiff further alleges "Defendants engaged in an intentional and injurious course of conduct that was in conscious disregard of Plaintiff's rights."  Id. ¶ 117.  Additionally, "Defendants acted intentionally and recklessly through Defendant's knowing failure to take prompt and appropriate remedial action in response to Plaintiff's complaints, retaliatory conduct including baseless disciplinary action and ultimately wrongfully terminating Plaintiff's employment."  Id. ¶ 118.  Moreover, "Defendants' conduct and behavior was extreme and outrageous and cannot be considered normal personnel actions."  Id. ¶ 117.  In his Motion, Plaintiff further asserts defendant Tosha "deceptively 'strung him along' regarding his employment status for months after his termination."  Mot. at 8-9.

### B.    PROCEDURAL HISTORY

On September 17, 2025, Plaintiff filed the operative Complaint in Riverside County Superior Court raising the following causes of action:

1. **Cause of Action One:** Disability Discrimination in violation of FEHA against defendant Matrix NAC;
2. **Cause of Action Two:** Disability Retaliation in violation of FEHA against defendant Matrix NAC;
3. **Cause of Action Three:** Failure to Engage in a Good Faith Interactive Process in violation of FEHA against defendant Matrix NAC;
4. **Cause of Action Four:** Failure to Provide Reasonable Accommodations in violation of FEHA against Defendant Matrix NAC;

5. **Cause of Action Five:** Violation of CFRA against defendant Matrix NAC;
6. **Cause of Action Six:** Failure to Prevent Discrimination and Retaliation in Violation of FEHA against defendant Matrix NAC;
7. **Cause of Action Seven:** Wrongful Termination in violation of public policy against defendant Matrix NAC; and
8. **Cause of Action Eight:** Intentional Infliction of Emotional Distress ("IIED") against Defendants.

Compl. ¶¶ 21-124. Among other forms of relief, Plaintiff seeks compensatory damages, punitive damages, and all applicable penalties. Id. at 22-23.

On December 15, 2025, Defendants filed a Notice of Removal. NOR. Defendants argue removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Id. ¶ 5. Specifically, Defendants argue diversity exists between Plaintiff, a California citizen, and defendant Matrix NAC, a citizen of Oklahoma and Pennsylvania. Id. ¶ 8. Further, Defendants argue defendant Tosha – a California citizen – is fraudulently joined and should be dismissed from the action because "Plaintiff has not pleaded sufficient facts to establish any plausible cause of action against Tosha." Id. ¶¶ 11, 18.

On January 13, 2026, Plaintiff filed the instant Motion to Remand arguing the parties are not diverse and the amount in controversy is less than the statutorily required sum for diversity jurisdiction. Mot. at 8-10. Among other things, Plaintiff claims this action should be remanded because defendant Tosha is a California citizen whose presence as a properly joined and served defendant destroys diversity jurisdiction. Id. at 8-9.

On January 29, 2026, Defendants filed an Opposition to the Motion arguing (1) defendant Tosha was fraudulently joined; (2) Plaintiff's IIED claim against defendant Tosha fails as a matter of law; and (3) Plaintiff's IIED claim is preempted by the Workers' Compensation Act ("WCA"). Dkt. 18, Opposition ("Opp.") at 7-11.

On February 5, 2026, Plaintiff filed a Reply in support of the Motion. Dkt. 23, Reply.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties

and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Id.; Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  Under the second theory of fraudulent joinder, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]"  Morris, 236 F.3d at 1067.  However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Hunter, 582 F.3d at 1046 (internal quotation marks and citation omitted).  "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT & T Wireless, Inc., No. C-06-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  Grancare, LLC, 889 F.3d at 549 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  Id.; Padilla, 697 F. Supp. 2d at 1159 ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.").  "The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record."  McBee v. Raytheon Techs. Inc., No. CV 23-07271-JAK-BFMx, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024); see also Allen v. Boeing Co., 784 F.3d 625, 635 (9th Cir. 2015) (recognizing a "conceivable claim" where the defendant failed to present "discrete and indisputable facts that would preclude [p]laintiffs from recovering").

"Fraudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Ultimately, there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus, 980 F.2d at 566.

**IV.**
**DISCUSSION**

**A.    DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLSH PLAINTIFF'S IIED CLAIM IS BARRED BY THE WORKERS' COMPENSATION ACT**

**1.    Applicable Law**

Under California law, "claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013); Cal. Lab. Code. § 3601(a); see also Langevin v. Fed. Exp. Corp., No. CV 14-08105-MMM-FFMx, 2015 WL 1006367, at *8 (C.D. Cal. Mar. 6, 2015) (noting the WCA "provides the exclusive remedy for an intentional infliction of emotional distress claim that is based solely on alleged personnel activity"); Yau v. Santa Margarita Ford, Inc., 229 Cal. App. 4th 144, 161 (2014) ("[E]motional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action."). "Such distress, whether intentional or negligent conduct on the part of the employer, is considered 'part of the normal risk of employment' and hence subject to the exclusive remedies of the workers' compensation laws." Onelum, 948 F. Supp. 2d at 1054 (quoting Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 814-15 (2001)).

However, "there are exceptions to WCA preemption for 'conduct that contravenes fundamental public policy' and that 'exceeds the risks inherent in the employment relationship.'" Hernandez v. U.S. Bank Nat'l Ass'n, No. SACV 24-01069-FWS-KESx, 2024 WL 3556165, at *8 (C.D. Cal. July 26, 2024) (quoting Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902 (2008)); see also Onelum, 948 F. Supp. 2d at 1054. Claims of "discrimination and retaliation fall outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on discrimination and retaliation are not subject to workers' compensation exclusivity." Barringer v. Wal-Mart Stores, Inc., No. SACV 22-01396-CJC-JDEx, 2022 WL 4356106, at *2 (C.D. Cal. Sep. 19, 2022) (citing Light v. Dep't of Parks & Recreation, 14 Cal. App. 5th 75, 101 (2017)).

"A plaintiff need not perfectly allege a claim that falls outside WCA preemption in order to avoid a finding of fraudulent joinder." Hernandez, 2024 WL 3556165, at *8 (quoting Barringer, 2022 WL 4356106, at *2). Instead, the critical question is whether a plaintiff could plead "in a subsequent amended complaint" allegations that "could possibly support a cause of action for IIED that falls outside the normal employment relationship, and therefore outside of WCA preemption." Golda v. Residence Inn by Marriott, LLC, No. CV 18-08573-DMG-AFMx, 2019 WL 102375, at *3 (C.D. Cal. Jan. 4, 2019).

**2.    Analysis**

Here, Defendants fail to meet their burden by clear and convincing evidence defendant Tosha was fraudulently joined based on preemption under the WCA. To support the claim for IIED, Plaintiff alleges defendant Tosha retaliated against him in part because of his request for medical accommodations following his June 15, 2023 injury. Compl. ¶ 118; see, e.g., Barringer, 2022

WL 4356106, at *2 ("[R]etaliation fall[s] outside the compensation bargain and therefore claims . . . based on discrimination and retaliation are not subject to workers' compensation exclusivity."). In addition, Plaintiff specifically alleges defendant Tosha's actions were "extreme and outrageous and cannot be considered normal personnel actions." Compl. ¶ 117.

Although the factual allegations in support of Plaintiff's IIED claim against defendant Tosha are thin, in light of the "strong presumption" against removal jurisdiction, the Court cannot conclude Plaintiff could not amend his complaint to successfully allege a claim for IIED that is not barred by the WCA. See De Peralta v. Fox Rest. Concepts, LLC, No. CV 17-07740-PSG-PLAx, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018) (finding the fact plaintiff alleges "he was denied both accommodation and medical leave . . . shield[s] [p]laintiff's IIED claim from [WCA] preemption"). In particular, "Plaintiff could amend [his] complaint to show that the emotional distress []he suffered was due to discriminatory, retaliatory, or harassing conduct outside the normal employment relationship." Barringer, 2022 WL 4356106, at *3 (internal quotation marks omitted); see also Saunders v. Sally Beauty Supply LLC, No. CV 20-02421-GW-PLAx, 2020 WL 1847620, at *2 (C.D. Cal. Apr. 10, 2020) ("[C]ourts have noted that part of the difficulty in relying upon workers' compensation exclusivity to satisfy the fraudulent joinder standard is the lack of certainty in the law on this subject."). Thus, Defendants fail to meet their burden to establish Plaintiff's IIED claim against defendant Tosha is barred by the WCA.

## B.    DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLISH THERE IS NO POSSIBILITY PLAINTIFF COULD ALLEGE AN IIED CLAIM

### 1.    Applicable Law

To state an IIED claim, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (internal quotation marks and citation omitted).

### 2.    Applicable Law

Here, Defendants fail to establish by clear and convincing evidence defendant Tosha was fraudulently joined due to an inability to sufficiently allege a claim for IIED. Assuming the current allegations fail to state a claim, it is nonetheless possible Plaintiff could amend the Complaint to sufficiently allege an IIED claim against defendant Tosha. Hunter, 582 F.3d at 1046 ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." (internal quotation marks and citation omitted)); McBee, 2024 WL 182282, at *6 (remanding where "a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant" (internal quotation marks, citation, and brackets omitted)).

Thus, considering the "strong presumption" against removal, the Court finds Defendants have not met their burden to establish by clear and convincing evidence Plaintiff could not sufficiently allege a claim for IIED. See De Peralta, 2018 WL 748287, at *5.

* * *

Accordingly, defendant Tosha has not been fraudulently joined.  Thus, her inclusion in the action destroys diversity jurisdiction.  <u>Id.</u>

## V.
## <u>CONCLUSION</u>

Defendants fail to present clear and convincing evidence defendant Tosha is a fraudulently joined defendant.  The Court thus finds defendant Tosha is a properly joined defendant whose presence destroys diversity.[1]  Accordingly, this Court lacks subject matter jurisdiction.

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**.[2]  (JS-6)

**IT IS SO ORDERED**.

---

[1] As diversity is not present, this Court need not reach the disputed amount in controversy. Mot. at 12.

[2] In support of the Opposition, Defendants submit a request for judicial notice of a complaint and jury verdict in a case filed in San Bernardino Superior Court.  Dkt. 18-2 at 1-2. However, because these documents would not alter this Court's determinations on the Motion, Defendants' request is **DENIED** as **MOOT**.